■ ROBERT M. KANE, Appellant, v MALCOLM MACDONALD et al., Respondent.—Judgment of the Supreme Court, New York County (Beverly Cohen, J.), entered on or about July 10, 1989, dismissing the petition in this CPLR article 78 proceeding, and the order entered on or about November 1, 1989, denying petitioner's motion to vacate and renew or reargue the article 78 petition, are unanimously affirmed, without costs.

Petitioner is a lawyer employed by the Department of Housing Preservation and Development. Initially he held the civil service title of attorney trainee. Persons in the title of attorney trainee are represented by the Civil Service Bar Association, Teamsters Local 237 (CSBA) for purposes of collective bargaining. In 1985 petitioner was transferred to the lower paying position of community coordinator. As a community coordinator, petitioner is represented by the Social Service Employees Union Local 371 of District Council 37.

Petitioner's argument, that he should be in the CSBA bargaining unit because he is an attorney and performs the same legal work as set forth in the job description of the attorney line, is unpersuasive. The court's review of an administrative hearing is limited to whether the determination was arbitrary or capricious. We agree with the Supreme Court's finding that the determination of the Board was neither "arbitrary or irrational."

Petitioner has submitted conclusory statements, unsupported by allegations of fact, that an improper labor practice occurred. If aggrieved, petitioner can seek reclassification by the Board of Certification pursuant to the New York City Collective Bargaining Law. (Administrative Code of City of New York § 12-309 [b] [1].) Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.